IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JAMES PATRICK LESLEY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | NO. CIV-23-0171-HE |
| ) | |
| CHRIS RANKINS, ) | |
| ) | |
| Respondent. ) | |

## **ORDER**

Petitioner James Patrick Lesley, appearing *pro se*, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), the matter was referred to Magistrate Judge Amanda Green for initial proceedings.  Upon initial review of the petition, Judge Green issued a Report and Recommendation recommending that the petition be denied.  Petitioner has objected to the Report triggering *de novo* review of matters to which objection has been raised.

Petitioner was convicted of murder in the first degree, assault and battery with a deadly weapon with intent to kill, attempting to kill another, and conspiracy to commit first-degree murder for which he was sentenced to life with the possibility of parole, 20 years, 16 years, and 10 years, all to be served consecutively.  Petitioner was considered for and denied parole in 2015, 2018, and 2021.  Petitioner contends that he is being improperly imprisoned because the Oklahoma Pardon and Parole Board did not follow proper procedures when considering whether to recommend to the Governor that he be paroled.  The Report recommends denial of the petition because Oklahoma's parole process is

discretionary, therefore petitioner has no due process right to parole or any particular parole process.

Petitioner's objection argues that his judgment has been nullified by the Pardon and Parole Board because they failed to follow state statutes, specifically 57 Okla. Stat. §§ 332.7 and 332.8.  He contends that the Board withheld a recommendation of parole "based on the facts of the Petitioner's current convictions and the contents of a 'District Attorney's narrative.'"

Petitioner was convicted of crimes of violence making him subject to the two-stage parole hearing process of 57 Okla. Stat. § 332.7(C).  Section (C)(1) states: "At the initial hearing, the Pardon and Parole Board shall review the completed report submitted by the staff of the Board and shall conduct a vote regarding whether, based upon that report the Board decides to consider the person for parole at a subsequent hearing."  Petitioner's current convictions and the district attorney's narrative are both included in this mandated report.  Further, "there are no written and formally established factors to be considered by the Parole Board or the Governor in evaluating parole applicants.  The Board's only statutory guidance in the exercise of its discretion is that it act as the public interest requires."  Shirley v. Chestnut, 603 F.2d 805, 807 (10th Cir. 1979).  Petitioner lacks a protected liberty interest in having the Board follow any specific process.  Shabazz v. Keating, 977 P.2d 1089, 1093 (Okla. 1999).

After *de novo* review, the Report and Recommendation [Doc. #10] is **ADOPTED**.  The petition is **DENIED**.

**IT IS SO ORDERED**.

Dated this 17th day of May, 2023.

                                                  JOE HEATON  
                                                UNITED STATES DISTRICT JUDGE